**VIACAO AEREA SAO PAULO, S.A., Plaintiff,**

v.

**INTERNATIONAL LEASE FINANCE CORPORATION, Defendant.**

**No. CV 86–3758 AHS (Bx).**

United States District Court, C.D. California.

March 24, 1988.

Carl W. Shapiro, Mary Craig Calkins, Judith L. Meadow, Paul, Hastings, Janofsky & Walker, Santa Monica, Cal., Timothy W. Bergin, Edward W. Sauer, Squire, Sanders & Dempsey, Washington, D.C., for plaintiff.

Barbara Brown, Weinberg, Zipser, Arbiter, Heller & Quinn, Los Angeles, Cal., for defendant.

## OPINION ON ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO RETAX COSTS AND DENYING DEFENDANT'S MOTION TO RETAX COSTS

STOTLER, District Judge.

### INTRODUCTION

Plaintiff Viacao Aerea Sao Paulo, S.A. (Viacao) subleased a Boeing 727–212 from International Lease Finance Corporation (ILFC) who in turn had leased the aircraft from the owner, Singapore Airlines, Ltd. After the plane crashed in 1982, plaintiff caused the insurance proceeds to be paid to defendant and the owner to the extent of their respective interests.

Plaintiff filed suit against defendant in 1986 to recover certain moneys paid to defendant during the lease term, which moneys were to be held in reserve pending plaintiff's purchase of the plane. Because plaintiff never exercised its option to purchase, defendant refused any refunds and disputed plaintiff's claim that the aircraft was "purchased" with the insurance proceeds so as to trigger the lease's refund provisions.

After the conclusion of extensive and costly discovery, the Court granted defendant's motion for summary judgment on October 19, 1987. Judgment was entered October 26, 1987, and ILFC filed a notice of entry of judgment November 5, 1987.

Defendant timely filed a bill of costs pursuant to the Local Rules of the Central District of California (Local Rules), claiming $38,203.52. By this Order, the Court permits defendant to tax costs in the amount of $13,579.22. By application of 28 U.S.C. § 1920, Fed.R.Civ.P. 54(d), Local Rule 16.4 and subdivisions thereof, and in light of *Crawford Fitting Company v. J.T. Gibbons, Inc.*, — U.S. —, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), defendant is precluded from recovering certain costs as

discussed hereinafter. More importantly, the Court concludes that portions of Local Rule 16.4 can no longer be honored.[1]

1. Local Rule 16.4 of this District provides:

16.4 ITEMS TAXABLE AS COSTS—The following items are taxable as costs:

16.4.1 FILING FEES—The Clerk's filing fees.

16.4.2 FEES FOR SERVICE OF PROCESS—Fees for service of process (whether served by the United States Marshal or other persons authorized by F.R.Civ.P. 4).

16.4.3 UNITED STATES MARSHAL'S FEES—Fees paid to the United States Marshal, including:

(a) Fees paid pursuant to 28 U.S.C. section 1921;

(b) Charges connected with caring for property attached, replevied, libeled, or held pending stay or execution; and

(c) The United States Marshal's commission on collections paid to creditors. That commission shall be 1 percent of the amount up to $1,000.00, and ½ of 1 percent on the amount in excess of $1,000, but not less than $2.50 for any collection.

16.4.4 CLERK'S FEES—Fees for certification of documents necessary for preparation for a hearing or trial.

16.4.5 REPORTER'S TRANSCRIPTS—The cost of the original and one copy of all or any part of a trial transcript, daily transcript or a transcript of matters occurring before or after trial, if requested by the Court or prepared pursuant to stipulation.

16.4.6 DEPOSITIONS—Costs incurred in connection with taking depositions, including:

(a) The cost of the original and one copy of all depositions used for any purpose in connection with the case;

(b) The reasonable fees of the deposition reporter, the notary, and any other persons required to report or transcribe the deposition;

(c) Reasonable witness fees paid to a deponent, including fees actually paid to an expert witness deponent pursuant to F.R.Civ.P. 26(b)(4)(c);

(d) Reasonable fees paid to an interpreter when necessary to the taking of the deposition; and

(e) The cost of copying or reproducing exhibits used at the deposition and made a part of the deposition transcript.

16.4.7 WITNESS FEES—Fees paid to witnesses, including:

(a) Per diem, mileage, subsistence and attendance fees as provided in 28 U.S.C. section 1821 paid to witnesses subpoenaed and/or actually attending the proceeding;

(b) Witness fees for a party if required to attend by opposing party; and

(c) Witness fees for officers and employees of a corporation if they are not parties in their individual capacities.

16.4.8 INTERPRETER'S AND TRANSLATOR'S FEES—Fees paid to interpreters and translators, including:

(a) The salaries, fees, expenses and costs of an interpreter as provided by 28 U.S.C. sections 1827 and 1828; and

(b) Fees for translation of documents received in evidence, used as part of the proceeding or when otherwise reasonably necessary to the preparation of the case.

16.4.9 DOCKET FEES—Docket fees as provided by 28 U.S.C. section 1923.

16.4.10 MASTERS, COMMISSIONERS AND RECEIVERS—The reasonable fees and expenses of masters, commissioners, and receivers.

16.4.11 CERTIFICATION, EXEMPLIFICATION AND REPRODUCTION OF DOCUMENTS—Document preparation costs, including:

(a) The cost of copies of an exhibit attached to a document necessarily filed and served;

(b) The cost of copies of documents admitted into evidence when the original is not available or the copy is substituted for the original at the request of an opposing party;

(c) Fees for an official certification of proof respecting the non-existence of a document or record;

(d) Patent Office charges for the patent file wrappers and prior art patents necessary to the prosecution or defense of a proceeding involving a patent;

(e) Notary fees incurred in notarizing a document when the cost of the document is taxable; and

(f) Fees for necessary certification or exemplification of any document.

16.4.12 PREMIUMS ON UNDERTAKINGS AND BONDS—Premiums paid on undertakings, bonds, security stipulations, or substitutes therefor where required by law, Court order, or where necessary to enable a party to secure a right granted in the proceeding.

16.4.13 OTHER COSTS—Upon order of the Court, the following items may be taxed as costs:

(a) Summaries, computations, polls, surveys, statistical comparisons, maps, charts, diagrams and other visual aids reasonably necessary to assist the jury or the Court in understanding the issues at trial;

(b) Photographs, if admitted in evidence or attached to documents necessarily filed and served upon the opposing party; and

(c) The cost of models if ordered by the Court in advance of or during trial.

16.4.14 REMOVED CASES—Costs incurred in state court prior to removal which are recoverable under state statutes shall be recoverable by the prevailing party in this Court.

16.4.15 COSTS ON APPEAL—Costs on appeal taxable in the district court shall be governed by F.R.App.P. 39(e). Such costs bill to be filed within fifteen (15) days of the filing

## PROCEDURAL BACKGROUND

ILFC filed its bill of costs and a notice of application to clerk to tax costs on November 10, 1987. Viacao filed objections November 18, 1987, and ILFC filed a response November 20, 1987. The Clerk held a hearing November 25, 1987, and ILFC filed a supplemental declaration December 1, 1987. The Clerk taxed costs in the amount of $24,978.82, disallowing $5,544.70 for costs incident to depositions (counsel's travel expenses) and $7,680.00 for expert witness fees (for defendant's expert on Brazilian law).

Each party filed a motion to retax costs December 8, 1987. Viacao filed opposition to ILFC's motion December 21, 1987; ILFC filed opposition to Viacao's motion December 28, 1987. Each side filed its respective reply January 4, 1988.

On January 5, 1988, the Court issued a minute order directing the parties to file supplemental briefs addressing the applicability of 28 U.S.C. § 1920, and *Crawford, supra,* —— U.S. ——, 107 S.Ct. 2494, 96 L.Ed.2d 385, to the parties' motions. The parties filed their respective supplemental briefs January 14, 1988, and the matter came on for hearing January 19, 1988.

At the hearing, the Court took the matter under submission and directed defendant to file a declaration regarding deposition original and copy costs not later than February 2, 1988, and inviting plaintiff to file a response thereto not later than February 10, 1988. Defendant filed a draft calculation of costs recovered and two accompanying declarations February 2, 1988. Plaintiff filed its response February 10, 1988.

## DISCUSSION

In *Crawford,* —— U.S. ——, 107 S.Ct. 2494, 96 L.Ed.2d 385, the Supreme Court held that 28 U.S.C. § 1920 defines the term "costs" as used in Fed.R.Civ.P. 54(d). In its conclusion, the Court emphasized that taxation of expenses is governed by explicit statutory or contractual authorization and that federal courts are bound by § 1920.

and spreading of the mandate of the Court of

*Id.* —— U.S. at ——, 107 S.Ct. at 2498–99, 96 L.Ed.2d at 393. Section 1920 in its entirety provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A Bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The area left for local regulation of costs in the face of the stringent *Crawford* ruling appears miniscule. Local Rule 16.4 lists taxable costs as including the following: the cost of the original and one copy of all depositions (16.4.6); and fees paid to interpreters and translators as well as fees for translation of documents (16.4.8). These provisions, as applied to the costs in this case, cannot be invoked without limitation.

### A.

#### Depositions

Defendant initially claimed $28,370.34 for all depositions, including copies thereof. Plaintiff challenged this item on the ground that the depositions were not "necessary" within the meaning of § 1920(2).

■ First, such costs do fall within the scope of 28 U.S.C. § 1920(2) as fees of the court reporter. *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1242–43 (7th Cir.1985); *see also* Local Rule 16.4.6(b).

Appeals in the District Court [sic].

Second, in this case the depositions appeared reasonably necessary at the time they were taken. The plaintiff had brought a motion for summary judgment within five months of the filing of the complaint. Defendant established what then appeared to be triable issues. It does not matter whether intervening developments later rendered the depositions unneeded, so long as the depositions were not purely investigative in nature. *Hudson*, 758 F.2d at 1243.

The Court does not conclude the depositions were either investigative or merely for counsel's convenience. While federal courts do not enjoy unrestrained discretion to tax costs to reimburse a winning litigant for every expense he or she has seen fit to incur, it is the duty of the Court, having given costs careful scrutiny, to award those to which a party is entitled. *Farmer v. Arabian American Oil*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964). Costs of depositions are properly taxed.[2]

■ However, costs incident to the depositions, namely the court reporter's "per diem" charge, lodging and eating expenses; and room and beverage charges for the deposition, must be disallowed because § 1920(2) does not provide for taxation of those items. *Crawford, supra,* — U.S. at —, 107 S.Ct. at 2497–98, 96 L.Ed.2d at 391. These items represented $6,953.27, which sum the Court hereby excludes from defendant's cost recovery.

Costs for copies of depositions may not be taxed. Authorization to award copying costs was, prior to *Crawford,* said to be implied by 28 U.S.C. § 1920(2). *Independent Iron Works v. United States Steel Corp.,* 322 F.2d 656, 678 (9th Cir.1963). *Crawford, supra,* precluded costs other

than those expressly authorized by statute. To the extent Local Rule 16.4.6(a) provides otherwise, the Court declines to apply it.

As a factual matter, it appears that for most of the depositions no separate charge for a copy was incurred. *See* Declaration of Gerry B. Wilcox. Where a separate charge was incurred on account of furnishing a copy of a deposition, the cost is non-taxable. Thus, the Court disallows $50.00 for a copy of the transcript of the deposition of Robert H. Tenney. *See* Declaration of Barbara Brown.

■ The Court also disallows $2,614.90 attributed to copying of depositions taken by plaintiff. Such costs, though legitimately incurred, do not fall within the scope of § 1920(2). Nor do they fall within the scope of Local Rule 16.4.11, which provides for taxation of reproduction costs for documents admitted into evidence or attached to documents necessarily filed and served. Similarly, the Court must exclude $63.00 attributed to "subpoena serving fee" because § 1920 does not allow such costs to be taxed.

■ The Court denies defendant's motion to retax costs. ILFC may not recover travel expenses incident to the Brazilian depositions. *DeRoburt v. Gannett Co., Inc.,* 558 F.Supp. 1223, 1228 (D.Haw.1983). The Court does not have authority to award travel costs under 28 U.S.C. § 1920, irrespective of whether conducting the depositions in Brazil resulted in a savings to the litigants. *Crawford, supra.* Insofar as the magistrate's order of March 18, 1987 suggests otherwise, it cannot stand.[3]

### B.

#### Translator Fees

■ The Court confirms costs for interpreters' fees for depositions. Section

---

**2.** Defendant completed form AO 133 claiming $0 for "Fees of the Court reporter for all or any part of the transcript necessarily obtained for use in the case" and $28,370.34 for "Costs incident to taking of depositions." The text of the motions indicate that defendant claimed deposition costs and plaintiff so understood. The Court likewise reads defendant's bill. Defendant's misinterpretation of the Bill of Costs format should not preclude deposition cost recovery.

**3.** The magistrate's order antedated the Supreme Court's decision in *Crawford.* The order provided that plaintiffs should bear the expense of producing certain of its employees for depositions in Los Angeles. In addition, the order directed that defendant should prepay the travel and lodging costs for certain of plaintiff's former employees and that such costs would be recoverable by the prevailing party.

**440**

1920(6) provides for compensation of interpreters where reasonably necessary to conduct depositions. *Mastrapas v. New York Life Insurance Co.*, 93 F.R.D. 401, 404 (E.D.Mich.1982). Local Rule 16.4.6(d) makes similar provision. Hence, ILFC may recover reasonable fees paid to interpreters in connection with the taking of depositions.

On the other hand, costs for translation of exhibits must be disallowed. Although Local Rule 16.4.8(b) authorizes taxation of fees for translation, 28 U.S.C. § 1920 does not. Section 1920(6) pertains to interpreters' services, and no other provision of § 1920 covers translation costs. Neither § 1827 nor § 1828 assists defendant. Consequently, the Court denies taxation of $1,629.18 attributed to translator's fees.

### C.

*Reproduction of Documents*

█ The Court confirms allowance of costs for exemplification and reproduction of documents. The exemplification costs claimed by ILFC pertain to items attached to documents necessarily filed and served, notwithstanding the Court's ultimate disposition of the case on the basis of the proper construction of the contract. 28 U.S.C. § 1920(4); Local Rule 16.4.11(a). The amount claimed for exemplification and reproduction is supported by counsel's sworn statement, which the Court finds reasonable and credible. The Court disallows $89.25 for costs of copying documents not incorporated into depositions. Local Rule 16.4.6(e).

### CONCLUSION

Plaintiff's motion to retax costs is therefore granted in part and denied in part. The Court disallows $11,399.60 of the $24,978.82 taxed by the Clerk, and hereby taxes costs in the amount of $13,579.22 and the Clerk shall enter same in the judgment. Defendant's motion is denied.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on all counsel of record.