**ALFLEX CORPORATION,**
Plaintiff–Appellant,

v.

**UNDERWRITERS LABORATORIES, INC., Defendant–Appellee.**

No. 89–56008.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 1990.

Decided Sept. 13, 1990.

---

Thomas Hines, Mitchell, Silberberg and Knupp, Los Angeles, Cal., for plaintiff-appellant.

John R. Myers, Bell, Boyd and Lloyd, Chicago, Ill., for defendant-appellee.

Before BROWNING and PREGERSON, Circuit Judges, and MacBRIDE, District Judge.*

PER CURIAM:

The district court granted summary judgment in favor of respondent Underwriters Laboratories (UL) in a suit brought by appellant Alflex Corporation (Alflex). We affirmed the summary judgment in an unpublished disposition.

In this appeal, Alflex challenges the district court's award of costs to UL for the expenses UL incurred in obtaining a copy of the transcript of each deposition taken by Alflex and in hiring private process servers to serve deposition subpoenas. Alflex contends that these items are not properly taxable as costs in light of the Supreme Court's decision in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).

We review the district judge's award of costs for abuse of discretion. *Maxwell v. Hapag–Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir.1988). We affirm the district court and hold that the taxing of costs for copies of depositions and private service of process fees was proper.

In *Crawford*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), the Supreme Court held that courts do not have discretion under Fed.R.Civ.P. 54(d) [1] to tax whatever costs seem appropriate; rather, courts may tax only costs defined in 28 U.S.C. § 1920: [2] "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." 482 U.S. at 441–42, 107 S.Ct. at 2497.

In this case, the district court taxed the cost of deposition copies and of private service of process pursuant to the Local Rules of the United States District Court for the Central District of California ("Local Rules"). Local Rule 16.4.6(a) permits taxing "[t]he cost of the original and one copy of all depositions used for any purpose in connection with the case." Local Rule 16.4.2 permits taxing as costs "[f]ees for service of process (whether served by the United States Marshal or other persons authorized by Fed.R.Civ.P. 4)."

Appellant Alflex argues that, in light of *Crawford*, these local rules should not be followed because they permit costs to be taxed that are not explicitly enumerated in section 1920.

For support, Alflex cites *Viacao Aerea Sao Paulo v. Int'l Lease Finance Corp.*, 119 F.R.D. 435 (C.D.Cal.1988). In *Viacao*, the district court held that although deposition costs fall within the scope of § 1920(2), [3] *id.* at 438, costs for *copies* of

---

* The Honorable Thomas J. MacBride, United States District Judge for the Eastern District of California, sitting by designation.

1. Rule 54(d) states that "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs...."

2. 28 U.S.C. § 1920 provides:

 A judge or clerk of any court of the United States may tax as costs the following:
 (1) Fees of the clerk and marshal;
 (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
 (3) Fees and disbursements for printing and witnesses;

 (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
 (5) Docket fees under section 1923 of this title;
 (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

3. Section 1920(2) allows for "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *See supra,* note 2.

 Alflex does not argue that the cost of the *original* deposition transcript is not within the scope of this section. Indeed, there is much support for the proposition that section 1920(2) covers the costs of *deposition* transcripts, as well as trial transcripts. In *Independent Iron Works,*

depositions do not. *Id.* at 439. The court determined that although this circuit, before *Crawford,* held that authorization to award costs of deposition copies was implied by section 1920(2), *see Independent Iron Works,* 322 F.2d at 678, such costs could no longer be taxed because *"Crawford . . .* precluded costs other than those expressly authorized by statute." *Viacao,* 119 F.R.D. at 439. The district court in *Viacao* also excluded costs attributed to "subpoena serving fee[s]" "because § 1920 does not allow such costs to be taxed." *Id.*

We disagree with the analysis in *Viacao* and hold that fees for deposition copies and private service of process are properly taxed under section 1920. In *Maxwell v. Hapag–Lloyd Aktiengesellschaft,* 862 F.2d 767 (9th Cir.1988), which was decided after *Crawford,* we allowed the costs of photographic materials used at the trial to be taxed even though, as the appellant argued in that case, such materials are not specifically or explicitly contained in section 1920. In *Maxwell,* we held that costs of photographic materials used at the trial "are encompassed by" the statute's allowance under section 1920(4) for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." *Maxwell,* 862 F.2d at 770. We stated: "We recognize that *Crawford* strictly limits reimbursable costs to those enumerated in § 1920. We hold only that the common meaning of the phrase 'exemplification and copies of papers' may under certain circumstances encompass illustrative materials *if 'necessarily* obtained for use in the case,' as § 1920 requires." *Id.* (emphasis in original).

 The cost of deposition copies is "encompassed" by section 1920(2), and is therefore properly taxed under the *Crawford* and *Maxwell* holdings. In *Independent Iron Works,* 322 F.2d at 678, we held that the power to tax the expense of copies of depositions is "'implicit in 28 U.S.C.A. § 1920(2),'" (quoting *Perlman v. Feldmann,* 116 F.Supp. 102, 109 (D.Conn.1953)), "qualified only by the requirement of that statute that the various copies be 'necessarily obtained for use in the case.'" *Id.* We held that obtaining copies of depositions taken by the opposing party may be considered necessary in certain instances. *Id.* at 678–79. We now hold that our interpretation in *Independent Iron Works,* that section 1920(2) encompasses the cost of a deposition copy, is still good law, because, even after *Crawford,* we may interpret the meaning of the items enumerated as taxable costs in section 1920(2). Thus, here, taxing costs for copies of depositions was proper since Alflex does not challenge the district court's finding that the deposition copies *were* necessarily obtained.

Our holding is supported by recent decisions from the Fifth and the Seventh Circuits that have held that courts are free to interpret what constitutes taxable costs after *Crawford.* In *West Wind Africa Line v. Corpus Christi Marine S.,* 834 F.2d 1232 (5th Cir.1988), the Fifth Circuit held that although section 1920 does not specifically mention depositions, courts have interpreted sections 1920(2) and 1920(4) to authorize taxing the costs of deposition originals *and* deposition copies if necessarily obtained for the case. *Id.* at 1237–38. The court stated that *Crawford* "limits judicial discretion with regard to the kind of expenses that may be recovered as costs; it does not, however, prevent courts from interpreting the meaning of the phrases used in § 1920." *Id.* at 1238.

In *SK Hand Tool Corp. v. Dresser Industries, Inc.,* 852 F.2d 936 (7th Cir.1988),

Inc. v. United States Steel Corp., 322 F.2d 656 (9th Cir.), cert. denied, 375 U.S. 922, 84 S.Ct. 267, 11 L.Ed.2d 165 (1963), this court held that the language of that section "evidences an intent . . . to include within the items of cost the expenses of copies of transcripts of pretrial as well as trial proceedings." 322 F.2d at 677 n. 26. In Hudson v. Nabisco Brands, 758 F.2d 1237 (7th Cir.1985), the Fifth Circuit held that section 1920(2) provides the statutory basis for award-

ing costs for obtaining an original deposition transcript. The court held that a deposition transcript is included in the term "stenographic transcript," and that the term "court reporter" in section 1920(2) applies to stenographers other than and in addition to the official court reporters assigned to a particular courtroom. Id. at 1242. See also United States v. Kolesar, 313 F.2d 835, 837–38 (5th Cir.1963).

*cert. denied,* —— U.S. ——, 109 S.Ct. 3241, 106 L.Ed.2d 589 (1989), the Seventh Circuit held that the Supreme Court's decision in *Crawford* did not overrule the circuit's interpretation of section 1920(2) as including deposition transcripts. *Id.* at 943–44. The court stated:

> Even though section 1920 does not specifically mention depositions, we do not think that *Crawford Fitting* necessarily precludes courts from finding that deposition transcripts are authorized by that statute. We agree with the Fifth Circuit that the Supreme Court did not "prevent courts from interpreting the meaning of the phrases used in § 1920."

*Id.* at 944 (quoting *West Wind,* 834 F.2d at 1238). Although the court did not specifically discuss whether the cost of a *copy* of a deposition transcript falls within the statute, it implicitly held that it does when it recognized the validity of a local rule that provided:

> Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition *together with the cost of one copy each* where needed by counsel . . . shall be allowed.

*Id.* at 944 & n. 10.

██ We also hold that private process servers' fees are properly taxed as costs. Section 1920(1) allows "[f]ees of the clerk and marshal" to be taxed as costs. Mar-

shal's fees are governed by 28 U.S.C. § 1921 which provides, *inter alia,* for the collection of fees for serving a subpoena or summons. Local Rule 16.4.2 permits taxing as costs fees for service of process *by any person* authorized by Fed.R.Civ.P. 4.

In making Marshal's fees taxable as costs in section 1920(1), we believe Congress exhibited an intent to make service of process a taxable item. Since the enactment of section 1920(1), the method of serving civil summonses and subpoenas has changed. The U.S. Marshal no longer has that responsibility in most cases, but rather a private party must be employed as process server. *See* Fed.R.Civ.P. 4(c)[4] and 45(c).[5] Now that the Marshal is no longer involved as often in the serving of summonses and subpoenas, the cost of private process servers should be taxable under 28 U.S.C. § 1920(1).[6]

AFFIRMED.

---

4. Rule 4(c)(2)(A) provides:

> A summons and complaint shall, except as provided in subparagraphs (B) and (C) of this paragraph, be served by any person who is not a party and is not less than 18 years of age.

Rule 4(c)(2)(B) provides:

> A summons and complaint shall, at the request of the party seeking service or such party's attorney, be served by a United States marshal or deputy United States marshal, or by a person specially appointed by the court for that purpose *only*—
>
> (i) on behalf of a party authorized to proceed in forma pauperis pursuant to Title 28, U.S.C. § 1915, or of a seaman authorized to proceed under Title 28, U.S.C. § 1916,
>
> (ii) on behalf of the United States or an officer or agency of the United States, or
>
> (iii) pursuant to an order issued by the court stating that a United States marshal or deputy United States marshal, or a person specially appointed for that purpose, is required to serve the summons and complaint

in order that service be properly effected in that particular action.

Fed.R.Civ.P. 4(c)(2)(B) (emphasis added).

5. Rule 45(c) provides in pertinent part:

> A subpoena may be served by the marshal, by a deputy marshal, or by any other person who is not a party and is not less than 18 years of age. . . .

6. We recognize that the Eighth Circuit held differently in *Crues v. KFC Corp.,* 768 F.2d 230 (8th Cir.1985). There, the court held that the prevailing party could not recover costs for use of a special process server because "28 U.S.C. § 1920 (1982) contains no provision for such expenses." *Id.* at 234.

However, we find the reasoning in *Roberts v. Homelite Div. of Textron, Inc.,* 117 F.R.D. 637 (N.D.Ind.1987) more persuasive. In *Roberts* the district court held that "[d]ue to the substitution of private process servers for the U.S. Marshal Service in recent years, it is appropriate to allow private process fees as costs." *Id.* at 641.