**The HAAGEN–DAZS COMPANY, INC.; Pillsbury Company, Plaintiffs–Appellees,**

v.

**DOUBLE RAINBOW GOURMET ICE CREAMS, INC.; Two Count Company, Inc., Defendants–Appellants.**

No. 88–15495.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 27, 1990.\*

Decided Dec. 5, 1990.

John H. Boone, Law Offices of John H. Boone, San Francisco, Cal., for defendants-appellants.

William C. Miller, C. Douglas Floyd, Reginald D. Steer, Barbara T. Phelan, Pillsbury, Madison & Sutro, San Francisco, Cal., for plaintiffs-appellees.

Before WALLACE, THOMPSON and TROTT, Circuit Judges.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

PER CURIAM:

Double Rainbow Gourmet Ice Creams, Inc. and Two Count Company, Inc., ("Double Rainbow") appeal the district court's order awarding The Haagen–Dazs Company, Inc. and Pillsbury Company ("Haagen–Dazs"), as the prevailing parties, $27,740.70 in copying costs pursuant to Fed.R. Civ.P. 54(d). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We review the district court's award of costs for an abuse of discretion. *See Alflex Corp. v. Underwriters Laboratories, Inc.,* 914 F.2d 175, 176 (9th Cir.1990) (per curiam).

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* the Supreme Court held that federal courts are limited to assessing only those costs enumerated under 28 U.S.C. § 1920. 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497–98, 96 L.Ed.2d 385 (1987); *cf. Alflex,* 914 F.2d at 176–77 (courts, however, are free to interpret the meaning of cost within section 1920).

28 U.S.C. § 1920, in part, provides:

[A]ny court of the United States may tax as costs the following:

   \*    \*    \*    \*    \*    \*

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case. . . .

Moreover, the Local Rules of the Northern District of California ("Local Rules") allow, as taxable costs, "[t]he cost of reproducing documents obtained [in discovery] and used for any purpose in the case. . . ." Local Rules App. A, ¶ V(B); *see also Twentieth Century Fox Film Corp. v. Goldwyn,* 328 F.2d 190, 224 (9th Cir.1964), *cert. denied,* 379 U.S. 880, 85 S.Ct. 143, 13 L.Ed.2d 87 (1964) (upholding award of photocopying costs).

Here, after reviewing the record and Haagen–Dazs' bill of costs, the district court awarded Haagen–Dazs copying costs equal to fifty-percent of the amount claimed by Haagen–Dazs for copying papers. This determination was based on the district court's finding that half of the 320,000 papers copied by Haagen–Dazs were necessarily obtained for use in the case even though they were not introduced into evidence in Haagen–Dazs' successful motion for summary judgement.

Double Rainbow contends that it should be assessed copying costs only for those documents which were "actually used in this case and made a part of the record." This narrow interpretation of section 1920(4), however, is not supported by the plain language of that section or by case law. *See* 28 U.S.C. § 1920(4) (section 1920(4) enables a court to award copying costs for any document "necessarily obtained for use in the case" and does not specifically require that the copied document be introduced into the record to be an allowable cost); *see, e.g., Illinois v. Sangamo Const. Co.,* 657 F.2d 855, 867 (7th Cir.1981) ("[t]he underlying documents need not be introduced at trial in order for the cost of copying them to be recoverable"); *see also 6 Moore's Federal Practice* ¶ 54.77[6], p. 54–465 (2d ed. 1988) (a document "may be 'necessarily obtained for use in the case' though it is not offered in evidence at a hearing or trial . . .").

Accordingly, we hold that Double Rainbow has failed to show that the district court judge, who was intimately familiar with the case, abused his discretion by awarding copying costs for those documents which he found to have been necessarily obtained for use in the case but not offered as evidence.

AFFIRMED.