967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GEORGE HAMMERSMITH, INC., an Oregon corporation, Plaintiff-Appellant,
v.
TACO BELL CORP., a California corporation, Defendant-Appellee.
 No. 91-35188.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided June 22, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and LEVI, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant George Hammersmith, Inc. asserts that the district court erred in awarding defendant costs in the amount of $19,852.77. We affirm.
 
 
 4
 A district court's award of costs is reviewed for abuse of discretion. Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Cream, 920 F.2d 587, 588 (9th Cir.1990).
 
 
 5
 Hammersmith asserts that the district court miscalculated the amounts it disallowed from the requested award and erred in awarding costs of printing and for copies of discovery documents. As to the claim of miscalculation, we find that the district court correctly calculated the award with respect to the errors Hammersmith asserts. The district court provided a detailed opinion as to which items would be disallowed. We have independently reviewed the district court's calculations and find them correct and consistent with its opinion. Hammersmith contends that the district court committed two errors in reviewing costs claimed for photocopying: (1) taxing $1,673.46 for "fees and disbursements for printing," which Taco Bell states is the cost of one original and two copies, one for the court and the other for service, and (2) taxing $1,070.10 for photocopying documents produced for discovery pursuant to Fed.R.Civ.P. 34. Neither of these arguments has merit. A court may tax as costs amounts spent "for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The district court was well within its discretion in determining that the costs of court and service copies of documents filed in the case and a single copy of documents provided for inspection during discovery were reasonable and necessary.
 
 
 6
 Taco Bell advises the court that it has discerned two apparent miscalculations: (1) an over-deduction of $1,492.78 in costs related to the deposition and trial expenses of witness Electra Sparks, and (2) an under-deduction of $3,693.25 in costs for deposition copies. Adjusting the total costs awarded by these amounts leads to a costs award of $17,652.30 rather than the $19,852.77 awarded.
 
 
 7
 The decision of the district court is modified as appellee concedes is appropriate. The remainder of the decision is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3