60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Nancy Jewell CROSS, Plaintiff-Appellant,
v.
PENINSULA CORRIDOR STUDY JOINT POWERS BOARD; et al.,
Defendants-Appellees.
 No. 94-15439.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nancy Jewell Cross ("Cross") appeals pro se from a district court's order denying her motion to strike defendants' bill of costs and her motion for Rule 11 sanctions. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review the district court's order awarding costs and deciding not to impose Rule 11 sanctions for abuse of discretion. Newton v. Thomason, 22 F.3d 1455, 1463 (9th Cir. 1994) (Rule 11 sanctions); Alfex Corp. v. Underwriters Lab. Inc., 914 F.2d 175, 176 (9th Cir. 1990) (per curiam), cert. denied, 502 U.S. 812 (1991) (award of costs).
 
 
 4
 The Federal Rules of Appellate Procedure provide that if an appeal is dismissed, "costs shall be taxed against the appellant," Fed. R. App. Pro. 39(a), and the district court shall tax as costs of the appeal "the costs of the reporter's transcript, if necessary for the determination of the appeal," Fed. R. App. Pro. 39(e). Rule 11 provides that sanctions should be imposed on an attorney who signs a pleading, motion or other paper "if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous."' Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) (citation omitted).
 
 
 5
 Cross argues that the district court abused its discretion by awarding defendants the cost of obtaining a transcript of a district court hearing at which the adequacy of Cross's complaint was discussed. Defendants obtained the transcript after Cross appealed from the order of the district court dismissing her complaint. This court summarily affirmed the district court's dismissal, and defendants filed with the district court a properly documented bill of costs for $121.75, representing the cost of obtaining and copying the transcript. In denying Cross's objection to the bill of cost and motion for sanctions, the district court noted that it had previously found the transcript to be potentially relevant to the appeal. In light of this determination, we cannot say that the district court abused its discretion by awarding costs. Moreover, because defendants were entitled to costs, the district court did not abuse its discretion in denying Cross's motion for Rule 11 sanctions.
 
 
 6
 Finally, we reject Cross's argument that she was denied due process of law by the district court judge's "fixed attitude to hold attornies [sic] harmless from sanctions, [and] objections to cost bill" as wholly without merit.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3