Pamela K. GARLAND, Plaintiff– Appellant,

v.

CITY OF SEATTLE; Norm Stamper, Chief of Police; Joe Kessler; Jane Doe Kessler; John Doe, Defendants who will be named after discovery, Defendants–Appellees.

No. 99–35259.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2000.

Decided Jan. 16, 2001.

* The Honorable William W Schwarzer, Senior District Judge, United States District Court for the Northern District of California, sitting by designation.

Before B. FLETCHER, FISHER, Circuit Judges, and SCHWARZER,* District Judge.

MEMORANDUM **

Pamela Garland appeals the district court's summary judgment on her claims of intentional discrimination pursuant to Title VII and Washington's Law Against Discrimination, wrongful termination and gender discrimination under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

We review de novo a grant of summary judgment, *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir.1999) (en banc), and we affirm for the reasons set forth in the district court's Order granting summary judgment filed on February 8, 1999.

Garland also objects to the district court's award of $3,172.38 in costs to the City for depositions. We review the district court's award of costs for abuse of discretion. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir.2000). The costs of obtaining depositions and copies of deposition transcripts are allowable under 28 U.S.C. § 1920 where the transcripts were reasonably necessary to the defendant's motion for summary judgment. *Alflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 177 (9th Cir.1990). In this case, the district court awarded only "those expenses incurred by either party for a deposition actually used in support of or opposition to the Motion for Summary Judgment." Although the clerk's order does not specifically itemize the deposition costs, the City points out that the amount awarded equals the total amount set forth in the itemized listing of deposition costs for those depositions of which portions were submitted as a part of summary judgment proceedings. It is reasonable to assume that those depositions actually used in the summary judgment proceedings were "reasonably necessary" to the City's motion for summary judgment. Therefore, the award of costs in this case does not constitute an abuse of discretion and is also affirmed.

AFFIRMED.