Michael W. CROCKETT,
Plaintiff–Appellant,

v.

John SHIELDS; Mark French; Larry Mock; Peter Carder; Robert Masko; James Andrews, Defendants–Appellees.

No. 99–35687.
D.C. No. CV–95–05062–FDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2001.

Filed Feb. 15, 2001.

Decided May 4, 2001.

Before RYMER, THOMAS, and MCKEOWN, Circuit Judges.

### AMENDED MEMORANDUM *

Michael Crockett ("Crockett") appeals from the judgment as a matter of law entered by the district court and numerous other pre-trial orders. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

■ 1. The district court did not err in refusing to allow Crockett to add Pierce County ("County") as a defendant. The Sheriff of Pierce County, who made the termination decision in this case, was not the final policymaker with respect to personnel administration within the county; the civil service commission has that authority. Wash. Rev.Code § 41.14.060; *cf. Davis v. Mason County*, 927 F.2d 1473, 1480–81 (9th Cir.1991) (holding that sheriffs in Washington are, on the other hand, policymakers for peace officer training). The County, therefore, is not liable under § 1983 as a matter of law. *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir.1999). Thus, the district court correctly reasoned that joinder of the County would be futile.

■ 2. Because the prosecuting attorney exercised independent judgment in proceeding with the criminal action against Crockett, even after learning of the evidence Crockett claims exculpated him, the officers who were involved in the investigation and arrest are immune from § 1983 liability for their actions. *See Smiddy v. Varney*, 665 F.2d 261, 266–67 (9th Cir.

1981). Crockett has produced no evidence that the prosecutor's judgment was not independently made, or that new exculpatory evidence surfaced after the probable cause determination. Thus, we affirm the summary judgment dismissal of Crockett's malicious prosecution claim.

■ 3. The district court did not abuse its discretion in granting the motions in limine. The nexus between Crockett's letter and the criminal investigation arising out of Hulsey's allegations was too attenuated to make the proffered evidence relevant.

■ 4. The district court did not err in granting judgment as a matter of law in favor of Mark French ("French") because it correctly concluded that no reasonable jury could have found that French's participation in the investigation of the letter had any effect on the disciplinary action ultimately taken against Crockett. Although a jury could have determined that French gave his own "personal" file on Crockett to the inspector in order to retaliate against Crockett, it could not have linked that participation to the discipline carried out by Sheriff Shields. Taking the evidence in the light most favorable to Crockett, any causal link was purely speculative.

■ 5. The district court did not err in awarding costs to the five defendants who were dismissed for lack of evidence linking them to the discipline imposed on Crockett. Because "a dismissal with prejudice is tantamount to a judgment on the merits," these defendants were prevailing parties. *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir.1997), *abrogated on other grounds by AMAE v. California*, 231 F.3d

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

572 (9th Cir.2000) (en banc); *see* Fed. R.Civ.P. 54(d)(1). The depositions need not have been used at trial to be "necessarily obtained for use in the case," 28 U.S.C. § 1920(2); *see Alflex Corp. v. Underwriters Lab., Inc.,* 914 F.2d 175, 177 (9th Cir.1990), and there is no requirement that witnesses must actually testify in order to be compensated, *see* 28 U.S.C. §§ 1821, 1920.

AFFIRMED.