NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRANDEN EDWIN LINDBERG,

           Plaintiff-Appellant,

  v.

RICHARD V. SPENCER, Secretary,
Department of the Navy,

           Defendant-Appellee.

No. 18-35470

D.C. No. 3:16-cv-05671-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 17, 2018[**]

Before:     WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

      Branden Edwin Lindberg appeals pro se from the district court's summary

judgment in her Title VII action alleging sex discrimination and retaliation claims.

We have jurisdiction under 28 U.S.C. §1291. We review for an abuse of discretion

rulings on discovery issues. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2003). We affirm.

The district court did not abuse its discretion by denying Lindberg's motions to compel discovery because the information requested was irrelevant to the issues in the case. *See Laub*, 342 F.3d at 1093 ("A district court is vested with broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by awarding defendant $1,322.20 for the cost of Lindberg's deposition. *See* 28 U.S.C. § 1920(2) (courts may tax costs that were "necessarily obtained for use in the case"); *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 176-177 (9th Cir. 1990) (setting forth standard of review and holding that fees for deposition transcripts necessarily obtained for use in a case may be recovered under 28 U.S.C. § 1920).

We reject as unsupported by the record Lindberg's contention that the district court judge was biased.

We do not consider matters raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v.*

2

*Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**