NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND RICHARD WHITALL, | No. 21-16797 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-03415-CRB |
| v. | |
| VAUN C. MUNK; RAFAEL CHUAPOCO; S. GATES, Chief, Healthcare Correspondence and Appeals Branch; B. OMOSAIYE; ARTHUR MAJOR, D.D.S.; D. CALDWELL, CHSA II; K. JEMISON, Healthcare Correspondence and Appeals Branch; S. RIVERA, M.D. Chief Executive Officer; L. NGUYEN, DMD; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; MATT ATCHLEY, Warden; DOES, I-XX, Dental Authorization Review Committee and/or Dental Program Health Care Review Committee Members; S. SAWYER, Correctional Health Services Administrator; T. NG, DDS, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted July 5, 2023**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Raymond Richard Whitall, a California state prisoner, appeals pro se from the district court's summary judgment in his action alleging violations of the Eighth Amendment, as well as the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment to defendants on Whitall's Eighth Amendment claim alleging deliberate indifference to his dental needs, because Whitall failed to raise a genuine dispute of material fact as to whether defendants' treatment choices were medically unacceptable, and chosen in conscious disregard of an excessive risk to Whitall's health. *Id.* at 1058 (in order to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and chosen in conscious disregard of an excessive risk to the prisoner's health).

On appeal, Whitall argues that the question of whether his treatment was medically unacceptable should be presented to a jury. However, Whithall has not

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

presented evidence that the defendants' treatment was medically unacceptable, and so summary judgment for the defendants was appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (plaintiff's complete failure of proof concerning an essential element of his case necessarily renders all other facts immaterial).

The district court properly granted summary judgment to defendants on Whitall's ADA and RA claims because the defendants' treatment choices cannot form the basis of an ADA claim. *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (the ADA is not violated by prison's failure to attend to medical needs of disabled prisoners), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *Zukle v. Regents of Univ. of Calif.*, 166 F.3d 1041, 1045 and n.11 (9th Cir. 1999) (listing elements of a prima facie claim under the Rehabilitation Act; "There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act.").

The district court did not abuse its discretion when it dismissed Whitall's related state law claims without prejudice because it had granted summary judgment on Whitall's federal claims. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (standard of review; court may decline to exercise supplemental jurisdiction over related state law claims once it has dismissed all claims over

3

which it has original jurisdiction).

The district court did not abuse its discretion in denying Whitall's motion for a preliminary injunction because Whitall failed to establish a likelihood of success on the merits, or that he had raised a serious question going to the merits. *See Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1134-35 (9th Cir. 2011) (stating requirements for a preliminary injunction).

The district court did not abuse its discretion in denying Whitall's motion to appoint counsel because Whitall failed to establish any extraordinary circumstances warranting the appointment of counsel. *See, e.g., Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (district court did not abuse its discretion in denying counsel for prisoner where prisoner demonstrated sufficient writing ability and legal knowledge to articulate his claim; facts alleged and issues raised were not of substantial complexity; and it was extremely unlikely that prisoner would succeed on the merits).

The district court did not abuse its discretion in awarding costs to the defendants because defendants are entitled to recoup their costs in taking Whitall's deposition. *See* 28 U.S.C. § 1920; *Draper v. Rosario*, 836 F.3d 1072, 1087-89 (9th Cir. 2016) (factors to be weighed in reviewing an award of costs); *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 176 n.3, 177 (9th Cir. 1990).

**AFFIRMED**.