NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CP ANCHORAGE HOTEL 2, LLC, DBA
Anchorage Hilton,

No.    22-35318

Plaintiff-Appellant,

D.C. No. 3:18-cv-00071-JMK

v.

MEMORANDUM*

UNITE HERE! LOCAL 878; UNITE
HERE!,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, District Judge, Presiding

Submitted August 16, 2023**
Anchorage, Alaska

Before:  MURGUIA, Chief Judge, and PAEZ and NGUYEN, Circuit Judges.

CP Anchorage Hotel ("Anchorage Hilton") sued UNITE HERE! 878 and the

UNITE HERE! parent organization (collectively, the "Union") based on the

Union's conduct arising out of a labor dispute between the parties.  The district

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court granted summary judgment to the Union. Anchorage Hilton appeals the district court's partial denial of its motion to review the district court clerk's taxation of costs. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's statutory authority for awarding costs de novo and its award of costs for abuse of discretion, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 924–25 (9th Cir. 2015), we affirm.

1. The district court did not abuse its discretion in awarding subpoena service costs. Marshal fees for service of process are taxable under 28 U.S.C. § 1920(1) and D. Alaska Loc. Civ. R. 54.1(e)(1). Further, Fed. R. Civ. P. 54(d) "creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Anchorage Hilton has not demonstrated that the costs awarded for service of subpoenas were unreasonable or excessive.

2. The district court neither exceeded its statutory authority under 28 U.S.C. § 1920 nor abused its discretion by awarding deposition costs.

First, Anchorage Hilton argues that the district court exceeded its statutory authority by awarding witness, storage, and hourly reporter fees associated with "printed or electronically recorded transcripts." 28 U.S.C. § 1920(2). However, § 1920(3) explicitly provides that "[f]ees and disbursements for . . . witnesses" are

2

taxable. And while storage and hourly reporter fees are not expressly enumerated in § 1920, they are "encompassed" by § 1920(2). *Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) (per curiam).

Second, Anchorage Hilton, interpreting § 1920(2) disjunctively, contends that a district court may tax fees for *either* "printed *or* electronically recorded transcripts," but not both. 28 U.S.C. § 1920(2) (emphasis added). But both printed and electronically recorded transcripts may be "necessarily obtained for use in [a] case," *id.*, and nothing in the statute suggests that recovery is limited to only one format when that requirement is met. *See Stanley v. Cottrell, Inc.*, 784 F.3d 454, 465, 466–67 (8th Cir. 2015) ("Based on the language of the statute, the context in which it uses the word 'or,' and its broader context, . . . § 1920(2) permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case."). The district court thus had authority to tax costs for both videotape and written transcripts of the depositions of witnesses beyond its subpoena power.

Third, Anchorage Hilton argues that "necessarily obtained for use in the case" under 28 U.S.C. § 1920(2) means "used at trial or to support a dispositive motion." Even assuming this is true, *but see Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (per curiam) (interpreting the same phrase in § 1920(4) and concluding that it "does not

specifically require that the copied document be introduced into the record to be an allowable cost"), the Union introduced testimony from the depositions at issue into the summary judgment record.

3. Anchorage Hilton argues that D. Alaska Loc. Civ. R. 54.1(e)(10), which lists postage as a taxable cost, exceeds the limits of 28 U.S.C. § 1920. However, while postage fees are not expressly enumerated in § 1920, they are "encompassed" by § 1920's subsections. *Alflex Corp.*, 914 F.2d at 177. The Union incurred postage costs for delivery of chambers copies to the court, deposition exhibits to the court reporter, preparation materials to party witnesses, and regular U.S. mail postage for correspondence to various parties. These fees are encompassed by subsections (2), (3), and (4), which allow taxation of costs for "transcripts," "printing and witnesses," and "making copies . . . necessarily obtained for use in the case," respectively. 28 U.S.C. §§ 1920(2)–(4).

Anchorage Hilton also argues that the Union did not show why "more expensive" delivery services, such as United Parcel Service, were necessary and reasonable. To the contrary, "it is incumbent" on Anchorage Hilton to overcome the presumption in favor of awarding costs to the prevailing party. *Univ. of S. Cal.*, 178 F.3d at 1079. Anchorage Hilton presents no evidence that the postage costs awarded were unnecessary or unreasonable.

**AFFIRMED.**