NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT MILLER, an individual; MICHAEL SPAULDING, an individual, | No. 23-35197 |
| Plaintiffs-Appellants, | D.C. No. 2:18-cv-00506-MJP |
| v. | MEMORANDUM[*] |
| KSHAMA SAWANT, an individual, | |
| Defendant-Appellee, | |
| and | |
| CITY OF SEATTLE, a municipal corporation, | |
| Defendant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted May 6, 2024
Seattle, Washington

Before: W. FLETCHER, BEA, and OWENS, Circuit Judges.

Plaintiffs-Appellants Scott Miller and Michael Spaulding, two Seattle Police

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

officers, appeal an order of the U.S. District Court for the Western District of Washington that granted summary judgment to Defendant-Appellee Kshama Sawant, who was a member of the Seattle City Council at the time of the events underlying this case. In February 2016, Miller and Spaulding fatally shot Che Andre Taylor, a Black man, as they tried to arrest him. Miller and Spaulding's complaint raised Washington state law defamation and outrage claims against Sawant based on her remarks, at public protests, that Taylor's shooting was a "blatant murder at the hands of the police," and that Taylor was "murdered by the police."[1]

The parties are familiar with the facts, so we recount them only as necessary. We have jurisdiction under 28 U.S.C. § 1291. We affirm.[2]

1.     We "review de novo a grant of summary judgment and must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

"Rule 56(c) mandates the entry of summary judgment . . . against a party who

---

[1] Plaintiffs forfeited any challenge to the district court's grant of summary judgment as to their outrage claim when they failed to mention that claim in either their Opening Brief or Supplemental Opening Brief before this Court. *See Int'l Union of Bricklayers & Allied Craftsman Loc. Union No. 20, AFL-CIO v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985).

[2] In a concurrently filed opinion, we affirm the district court's grant of Sawant's motion for recovery of expert witness deposition expenses.

2

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment was proper because Miller and Spaulding did not establish essential elements of their defamation claim, namely: that Sawant's statements were actionable statements of fact (as opposed to nonactionable opinions); that Sawant's statements were false; and that Sawant acted with actual malice. *See Duc Tan v. Le*, 300 P.3d 356, 363 (Wash. 2013).

First, the district court did not err when it concluded that Miller and Spaulding failed to establish that Sawant's statements were actionable statements of fact. Under Washington caselaw, "[b]efore the truth or falsity of an allegedly defamatory statement can be assessed, a plaintiff must prove that the words constituted a statement of fact, not an opinion." *Robel v. Roundup Corp.*, 59 P.3d 611, 621 (Wash. 2002). "Whether the allegedly defamatory words were intended as a statement of fact or an expression of opinion is a threshold question of law for the court." *Id.* at 622. The court must "examin[e] a statement in the totality of the circumstances in which it was made" and "should consider at least (1) the medium and context in which the statement was published, (2) the audience to whom it was published, and (3) whether the statement implies undisclosed facts." *Dunlap v. Wayne*, 716 P.2d 842, 848 (Wash. 1986). Applying Washington caselaw, we conclude that Sawant's

3

remarks were opinions, not statements of fact. She made them at politically charged public protests organized in the wake of police-involved shootings, i.e., "in circumstances and places that invited exaggeration and personal opinion." *Robel*, 59 P.3d at 622. Sawant also framed her statements in terms of a larger political movement against "systematic racial injustice." Thus, the statements were made "[i]n the context of ongoing political debates" such that protestors who heard them "[were] prepared for mischaracterizations and exaggerations, and [were] likely to view such representations with an awareness of [Sawant's] subjective biases." *Dunlap*, 716 P.2d at 848. Lastly, Sawant's statements did not imply she knew more than the public about whether Taylor's shooting was justified. Indeed, at the time she made them, it was public knowledge that Miller and Spaulding shot Taylor, and dashboard-camera video footage of the shooting had already been released by the Seattle Police Department.

Second, the district court did not err when it concluded that Miller and Spaulding failed to establish that Sawant's statements were false. Miller and Spaulding aver that Sawant's statements at the protests were false because Miller and Spaulding were never charged with or convicted of murder. But Sawant did not state that Miller and Spaulding were charged with or convicted of murder. Instead, Sawant declared that she used the term "murder" in her statements "to convey that [she] believed the officers' actions were wrongful and *should* be considered

4

criminal." Nothing in the record can be construed as proving the falsity of Sawant's statements. This includes the fact that Miller and Spaulding were never charged with murder. A prosecutor's belief in a person's innocence is not the only reason the prosecutor may choose not to bring charges against the person. Thus, we cannot infer that Sawant's remarks were false based on the fact that Miller and Spaulding were not charged with murder.

Third, the district court did not err when it concluded that Miller and Spaulding failed to establish that Sawant acted with actual malice. Under Washington caselaw, "[a]ctual malice must be shown in cases involving both public figures and public officials," and "[t]he question whether the evidence in the record in a defamation case is sufficient to support a finding of actual malice is a question of law" for the court. *Duc Tan*, 300 P.3d at 363, 366. Miller and Spaulding do not contest the district court's determination that they are "indisputably" public figures. To survive summary judgment, then, Miller and Spaulding had to establish that Sawant made her statements "with knowledge that [they were] false or with reckless disregard of whether [they were] false or not." *See New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964). The district court properly determined that Miller and Spaulding failed to do so. Miller and Spaulding argue Sawant acted with actual malice because she failed to investigate sufficiently before she made her statements. But Miller and Spaulding do not address Sawant's declaration that, prior to her

5

statements, she reviewed "publicly available information about the facts and circumstances of Taylor's death" and had "conversations with community members" who called Taylor's killing a "murder." Moreover, although actual malice can be inferred from a failure "properly [to] investigate an allegation," this failure "in isolation [is] generally insufficient to establish actual malice." *Duc Tan*, 300 P.3d at 366.

2. Miller and Spaulding also challenge the taxation of costs by the Clerk of the U.S. District Court for the Western District of Washington. Taxation of costs is governed by Federal Rule of Civil Procedure 54(d)(1), which provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Miller and Spaulding argue the Clerk improperly taxed them for costs governed by a Federal Rule of Civil Procedure that "provides otherwise," namely, Federal Rule of Civil Procedure 26.

As an initial matter, Miller and Spaulding's challenge is procedurally improper. *See* Local Rules W.D. Wash. LCR 54(d)(4) (Clerk's taxation of costs is final unless appealed to the presiding district judge "by filing a motion to retax.").

Moreover, and more importantly, Miller and Spaulding misrepresent the record, as the Clerk taxed costs *only for the costs of deposition transcripts* of Sawant and two of Sawant's witnesses, *not* for expert fees, which fees are governed by Rule 26. Miller and Spaulding ignore that a "clerk of any court of the United States may

6

tax as costs . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and "[t]he cost of deposition copies is encompassed by section 1920(2)," *Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) (per curiam) (internal quotation marks omitted). Miller and Spaulding do not dispute that the deposition transcripts of Sawant and two of her witnesses were necessarily obtained for use in this case.

Thus, we conclude the taxation of costs was proper.

**AFFIRMED.**