United States Court of Appeals,

Fifth Circuit.

No. 93-1551

Summary Calendar.

Rita E. HOLMES, Individually and as Next Friend of Aimee D. Holmes and Christi R. Holmes, Minors, and on behalf of the Estate of Donald D. Holmes, Deceased, Plaintiff-Appellant,

v.

The CESSNA AIRCRAFT COMPANY, Defendant-Appellee.

Jan. 10, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before GARWOOD, SMITH and DeMOSS, Circuit Judges.

PER CURIAM:

By order signed May 11, 1993, the district court below granted Defendant/Appellee Cessna Aircraft Company's motion to tax costs under 28 U.S.C. § 1920 against Plaintiff/Appellant Rita Holmes. Holmes filed this appeal challenging certain elements of the court's cost award. We review the district court's order for an abuse of discretion. *United States v. Kolesar,* 313 F.2d 835, 840 (5th Cir.1963).

I. Expert Witness Fees

The district court allowed Cessna to recoup the sum of $4,863.00 for the time its experts Eggspuehler and Marwill attended trial. Holmes submits, and Cessna agrees, that this amount improperly exceeds the statutory allowable of $40 per day for each day of a witness's trial attendance, including the days spent travelling to and from trial. 28 U.S.C. § 1821(b). This element of cost must be vacated and remanded for the district court's recalculation in accordance with section 1821(b).

II. Photocopies

Holmes challenges the taxing of photocopy costs on two grounds. She first argues that it was improper for the district court to allow these costs in the absence of a specific finding that the copies were necessary to the case and that Cessna did not demonstrate such necessity.

Before the district court can tax costs for photocopies, it must find that the copies for which

costs are sought were necessarily obtained for use in the litigation. *Studiengesellschaft Kohle v. Eastman Kodak,* 713 F.2d 128, 133 (5th Cir.1983). Moreover, the party seeking such costs must offer some proof of the necessity. *Fogelman v. ARAMCO (Arabian American Oil Co.),* 920 F.2d 278, 286 (5th Cir.1991).

Although the court taxed this cost against Holmes, it neglected to make the requisite finding of necessity. In the absence of such finding, this item of cost must be vacated and remanded for the court's determination of necessity.

III. Daily Transcripts

The district court allowed Cessna to recoup the cost for daily transcripts. In doing so, the court found that the daily transcripts were "necessary to Cessna's successful verdict from the jury." While not challenging the factual basis of the court's finding, Holmes argues that the finding is legally insufficient to entitle Cessna to such costs. We disagree.

> To award the cost of daily transcripts, the court must find that they were "not obtained primarily for the convenience" of the parties but were "necessarily obtained for use in this case."

*Id.* (citations omitted). The district court's finding was sufficient.

IV. Witness Fees—Travel costs

Holmes raises three challenges to the district court's award of Cessna's travel costs. She first argues that the taxation of travel and lodging expenses for Cessna's witnesses must be reversed because the court failed to find that such expenses were necessary to Cessna's prosecution of the case. Holmes is mistaken.

28 U.S.C. section 1920(3) is the statutory authority for the taxation of costs for witness fees. This subsection must be read in conjunction with section 1821 which, in effect, defines the taxable fees and disbursements associated with witnesses. Section 1821 includes expenses associated with a witness' travel and lodging. Here, the court specifically found that the "witness fees ... sought by defendant Cessna are reasonable and were necessary to Cessna's successful verdict from the jury." By so finding, the court necessarily found that the travel and lodging expenses for Cessna's witnesses were necessary.

Holmes also argues that the district court erred by taxing travel expenses for Cessna's witnesses because Cessna failed to provide receipts or "other documentation" as proof of these claimed expenses pursuant to 28 U.S.C. § 1821(c)(1). Section 1821(c)(1) relates to the payment of a witness' expenses for traveling on a common carrier. The last sentence of subsection (c)(1) states that "[a] receipt or other evidence of actual cost shall be furnished."

In support of its motion for costs, Cessna attached the affidavit of its trial counsel, Peter Martin, in satisfaction of the verification requirements of 28 U.S.C. section 1924. Martin swore that he was familiar with the costs of defending the case, that the travel expenses claimed were actually incurred by Cessna, and that they were necessary to Cessna's successful defense of the suit. He also incorporated by reference an itemized statement containing the specific amounts claimed as travel expenses. We believe that this affidavit presents sufficient evidence to meet the requirements of section 1821(c)(1). *National Bancard Corp. v. VISA, U.S.A., Inc.,* 112 F.R.D. 62, 69 (S.D.Fla.1986).

Holmes finally argues that the district court erred in taxing as costs the travel expenses and other fees associated with the trial attendance of two of Cessna's expert witnesses whom, as the record reflects, Holmes had previously deposed. Holmes argues that Cessna had available for its use the depositions of these witnesses and that Cessna should bear the cost of its decision to call them live at trial.

Holmes brought this products liability action against Cessna attempting to prove that the fuel system in Cessna's model 205 aircraft was defectively designed and that such defect was the cause of the crash that claimed the life of Holmes' relation. In products liability based on defective design, the issue of defect and causation almost always boils down to a swearing match between conflicting experts. We can hardly say that it was a "preference" rather than a necessity for Cessna to call its experts live at trial. Moreover, the district court's decision on this issue is accorded great deference and will not be disturbed absent a clear abuse of discretion. *Eastman Kodak,* 713 F.2d at 132. We find no abuse.

V. Conclusion

For the reasons stated above, we VACATE the award of expert witness attendance costs in excess of the $40 statutory allowable and REMAND the cause for recalculation in accordance with the statute.  We VACATE the award of photocopy costs and REMAND for a determination that such costs were necessarily incurred.  In all other respects, the district court's order is AFFIRMED.