**STATE FARM FIRE & CASUALTY COMPANY, Plaintiff,**

v.

**KING SPORTS, INC., Jui–Chen Chang, and Roger Cleveland Golf Company, Inc., Defendants.**

**Civil Action No. 1:10–cv–131–TCB.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 19, 2012.

Douglas Lee Clayton, Maren R. Cave, Swift, Currie, McGhee & Hiers, LLP, Atlanta, GA, for Plaintiff.

Christopher S. Finnerty, Jeffrey Patterson, Nelson Mullins Riley & Scarborough, Boston, MA, M. Maran White, Matthew Brian Lerner, Nelson Mullins Riley & Scarborough, Atlanta, GA, for Defendants.

### ORDER

TIMOTHY C. BATTEN, SR., District Judge.

Before the Court is Defendant Roger Cleveland Golf Company, Inc.'s motion to reduce and apportion costs [136].

On December 8, 2011, the Court granted Plaintiff State Farm Fire and Casualty Company's motion for summary judgment. On December 13, State Farm submitted its bill of costs requesting $10,549.61.[1] That same day, the Clerk taxed Cleveland Golf and co-Defendants King Sports and Jui–Chen Chang for the full amount, $10,549.61.[2]

---

**1.** Actually, State Farm filed a bill of costs on December 12, but used a "non-standard form" and was directed by the Clerk to file an amended bill of costs on an appropriate form, which it did on December 13.

**2.** The Clerk failed to wait fourteen days following notice to Cleveland Golf before taxing costs. *See* FED.R.CIV.P. 54(d)(1). Under Rule 54, a party opposing the clerk's taxation of costs has seven days within which to file its opposition thereto. Cleveland Golf filed this motion on December 20, within the seven-day period, and has not argued that it needed additional time to review the bill of costs submitted by State Farm. The Court will therefore consider the present motion despite the Clerk's error.

■ Cleveland Golf first argues that in order to ensure a "fair result," (1) the costs related to service of process should be individualized as to each Defendant, and (2) all other costs should be taxed severally against the three co-Defendants on a pro rata basis, i.e., one-third each. In response, State Farm argues that the costs it incurred "solely stem from the claims, actions, and arguments advanced by Cleveland Golf against State Farm in this litigation" and that Cleveland Golf should therefore be taxed for all costs. The Court agrees.

First, the cases Cleveland Golf cites in support of its argument that the costs should be apportioned equally among the three Defendants are not on point. Additionally, neither King Sports nor Chang answered or filed any pleadings in this action; Cleveland Golf alone pursued this litigation. Furthermore, Cleveland Golf alone asserted a counterclaim against State Farm, which State Farm incurred costs to defend.[3] The Court therefore finds that Cleveland Golf should be taxed for all of State Farm's costs in this action.

■ Cleveland Golf next contends that State Farm cannot recover for the costs of videotaping Andy Lee's deposition because it has failed to explain why videotaping was necessary. Cleveland Golf further argues that even if the cost of videotaping the deposition is recoverable, under 28 U.S.C. § 1920(2) State Farm cannot recover the cost of both the written transcript and the cost of videotaping.

Under 28 U.S.C. § 1920(2), State Farm may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Thus, to recover the costs of Andy Lee's videotaped

deposition, State Farm must explain "why it was necessary to obtain a copy of the video tapes for use in the case." *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir.1996). State Farm argues that videotaping Lee's deposition was necessary because he was very uncooperative in communicating with State Farm, he failed to appear for one scheduled deposition, and he appeared late for another scheduled deposition. For these reasons, State Farm argues that it had strong reason to suspect that Lee might fail to appear at trial, in which event playing his videotaped deposition would have been preferable to merely reading his deposition transcript. The Court finds this explanation sufficient and concludes that State Farm has adequately explained its need to videotape Lee's deposition. *See Baisden v. I'm Ready Prods., Inc.*, 793 F.Supp.2d 970, 977 (S.D.Tex.2011) (holding that party could recover for videotaped depositions of witnesses "whose live attendance at trial was uncertain or whose credibility was sharply disputed.").

■ The only remaining issue is whether State Farm can recover both the costs of videotaping the deposition and the cost of the transcript. In *Morrison*, 97 F.3d at 465, the Eleventh Circuit read 28 U.S.C. § 1920(2) and Fed.R.Civ.P. 30(b)(2) & (3) together to hold that "when a party notices a deposition to be recorded by ... both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation" under Rule 26, a court may award both costs under § 1920.

Cleveland Golf argues, however, that the courts holding in *Morrison* has since been superseded by amendment to the statute. In 2008, Congress amended § 1920(2) from

---

**3.** Some counts of the counterclaim were on behalf of Cleveland Golf and others were on behalf of King Sports, who assigned to Cleveland Golf its right to sue State Farm; thus, all counts of the counterclaim were asserted by Cleveland Golf.

"fees of the court reporter for all or any part of the stenographic transcript" to "fees for printed or electronically recorded transcripts." In *EEOC v. CRST Van Expedited, Inc.*, No. 07–cv–95–LLR, 2010 WL 520564, at *5 (N.D.Iowa Feb. 9, 2010), the Northern District of Iowa held that because Congress used the phrase "printed *or* electronically recorded transcripts," the plain language of the statute precludes a party from recovering costs for both the stenographic transcript and a videotape of the same deposition. Cleveland Golf contends that *CRST* is the only case interpreting § 1920(2) following the 2008 amendment and urges the Court to adopt its holding.

Contrary to Cleveland Golf's contention, several other courts have addressed this issue. While some courts have reached the same result as the *CRST* court, *see Chism v. New Holland N. Am., Inc.*, No. 2:07CV00150 JTR, 2010 WL 1961179, at *4 (E.D.Ark. May 13, 2010); *Pierson v. Ford Motor Co.*, No. C06–6503, 2010 WL 431883, at *4 (N.D.Cal. Feb. 2, 2010); and *Thomas v. Newton*, No. 4:07CV556 AGF, 2009 WL 1851093, at *4 (E.D.Mo. June 26, 2009), the majority of jurisdictions hold that parties may continue to recover the costs of both stenographic transcripts and videotapes of a deposition, *see In re Ricoh Co. Patent Lit.*, 661 F.3d 1361, 1370 (Fed. Cir.2011); *Home Design Servs., Inc. v. Trumble*, No. 09–cv–00964–WYD–CBS, 2011 WL 6440517, at *2 (D.Colo. Dec. 22, 2011); *Higgins v. Potter*, No. 08–2646–JWL, 2011 WL 3667097, at *2 (D.Kan. Aug. 22, 2011); *Baisden*, 793 F.Supp.2d at 977; *Hynix Semiconductor v. Rambus Inc.*, 697 F.Supp.2d 1139, 1150 (N.D.Cal. 2010); and *Nilesh Enters., Inc. v. Lawyers Title Ins. Corp.*, No. SA–08–cv–662–XR, 2010 WL 2671728, at *3 (W.D.Tex. July 1, 2010).

In *In re Ricoh Co. Patent Litigation*, 661 F.3d at 1370, the Federal Circuit found that because "there is no indication in the text or history of that amendment that Congress intended to overrule [prior decisions holding that parties may recover both costs]," courts may continue to tax both the written transcription and the videotaping of depositions. The Court likewise does not find that the 2008 amendments to § 1920(2) alters the Eleventh Circuit's holding in *Morrison*. The Court therefore holds that State Farm may recover the cost of both the written transcript and the videotaping of Lee's deposition.

For the foregoing reasons, Cleveland Golf's motion to reduce and apportion costs [136] is DENIED.